In accordance with the directive of the North Carolina Court of Appeals, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. National Union Fire Insurance Company was the compensation carrier on the risk.
4. On November 15, 1989, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
5. Plaintiffs average weekly wage was $282.80, yielding a compensation rate of $188.53.
6. As a result of plaintiffs injury by accident on November 15, 1989, plaintiff received temporary total disability compensation from January 30, 1990 through November 12, 1990, pursuant to a Form 21, Agreement for Compensation, approved by the Commission on May 4, 1990. The compensation benefits ceased after November 12, 1990, upon the approval of Industrial Commission Form 24, Application to Stop Payment of Compensation, on November 13, 1990.
7. Medical and rehabilitation records of plaintiff, including medical and rehabilitation reports from Dr. Whitehurst, Dr. Svara, Dr. Grosshandler, physical therapist John Skowron, Allied Rehabilitation Services, Dr. Rich, Dr. Stirman, Dr. Weber, North Carolina Department of Human Resources and American International Health Rehabilitation, are stipulated into evidence.
 * * * * * * * * * * *
In accordance with the directive of the North Carolina Court of Appeals, and based upon all of the competent, credible and convincing evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was born June 28, 1946., and is a high school graduate.
2. Defendant-employer is in the business of manufacturing lightweight plastic bottles. The bottles travel down a conveyor belt, and drop into cardboard boxes. Plaintiffs job duties with defendant-employer as a packager and inspector included taping up full boxes and lifting them onto another conveyor. The maximum weight of the boxes plaintiff was required to lift was 23 pounds.
3. On November 15, 1989, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, which resulted in an injury to her left shoulder and upper back.
4. Plaintiff initially continued to work for defendant-employer; however, when her symptoms persisted, plaintiff stopped work on January 30, 1990.
5. As a result of her compensable injury on November 15, 1989, plaintiff received temporary total disability compensation from January 30, 1990 through November 12, 1990.
6. Subsequently, as a result of her compensable injury on November 15, 1989, by June 1, 1990, plaintiff reached maximum medical improvement and was capable at that time of returning to full time work with restrictions of no lifting greater than 10 to 15 pounds and avoidance of pushing, pulling and reaching activities with her arms, especially with her left arm.
7. Defendant-employer, however, had no jobs available on June 1, 1990 within these restrictions. As a result, plaintiffs employment with defendant-employer was terminated. Defendants, however, continued to pay temporary total disability compensation to plaintiff following her termination, through November 12, 1990.
8. In the fall of 1990, plaintiff enrolled in the paralegal program at Durham Tech. This was a reasonable attempt at rehabilitation given the totality of the circumstances surrounding this case.
9. As a result of her compensable injury on November 15, 1989, plaintiff was disabled and unable to earn the wages which she received at the time of her injury in the same or any other employment.
10. As a result of her compensable injury on November 15, 1989, plaintiff has a five percent permanent functional impairment to the back.
 * * * * * * * * * * *
In accordance with the directive of the North Carolina Court of Appeals, and based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of her compensable injury on November 15, 1989, plaintiff is entitled to payment of total disability compensation at the rate of $188.53 per week, to resume as of the date compensation was terminated, November 13, 1990, and continuing until further Order of the Industrial Commission. N.C. Gen. Stat.97-29.
2. Plaintiff is entitled to payment of all medical expenses incurred as a result of her injury on November 15, 1989. N.C. Gen. Stat. 97-25.
 * * * * * * * * * * *
Therefore, in accordance with the directives of the North Carolina Court of Appeals, and the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff total disability compensation at the rate of $188.53 per week from November 13, 1990 and continuing until further Order of the Commission. Such compensation as has accrued shall be paid in lump sum, subject to a reasonable attorney fee approved below.
2. Defendants shall pay all medical bills incurred by plaintiff as a result of her compensable injury on November 15, 1989.
3. A reasonable attorney fee of twenty-five (25) percent of the compensation due plaintiff is hereby approved for plaintiffs counsel, which shall be deducted from the award and forwarded directly to the attorney. Thereafter, defendants shall forward every fourth compensation check to plaintiffs counsel.
4. Defendants shall pay the costs.
This the ___ day of April, 2000.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ RENÉE C. RIGGSBEE COMMISSIONER
LKM/bjp